UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **JOHNNY ALLEMAN** | **CASE NO. 6:22-CV-01608** |
| **VERSUS** | **JUDGE DAVID C. JOSEPH** |
| **STATE OF LOUISIANA ET AL** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

**REPORT AND RECOMMENDATION**

Before the Court is the Motion to Dismiss for Lack of Jurisdiction filed by the United States of America. (Rec. Doc. 19). Plaintiff filed a Statement of No Opposition. (Rec. Doc. 27). The Motion was referred to the undersigned magistrate judge for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of this Court. Considering the evidence, the law, and the arguments of the parties, and for the reasons explained below, the Court recommends that the USA's Motion be granted.

**Factual Background**

Plaintiff filed this suit in state court following an accident in which he alleges that Trevor Farkas was driving a U.S. Army Hummer on Interstate 10 when the right rear tire blew out, causing the accident. (Rec. Doc. 1-2). Plaintiff sued the State of Louisiana Military Department, Michelin North America Inc. (as the alleged tire manufacturer), Farkas, State Farm (as the insurer of the vehicle in which Plaintiff was a passenger), and Allstate (as Plaintiff's underinsured motorist carrier).

Though not originally named as a defendant, the United States removed the case to this Court with a certification that Farkas was in the course and scope of his employment with the U.S. Department of the Army at the time of the accident. (Rec. Doc. 1; 1-3). The U.S. now seeks to dismiss the case for lack of jurisdiction on the grounds that Plaintiff did not comply with the administrative mandates of the Federal Tort Claims Act.

## Law and Analysis

### I.     Law Applicable to Rule 12(b)(1) and the burden of proof.

Motions filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure allow a party to challenge the subject matter jurisdiction of the district court to hear a case. Fed.R.Civ.P.12(b)(1). Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001), *citing Barrera–Montenegro v. United States,* 74 F.3d 657, 659 (5th Cir.1996).

There are two types of challenges to a court's subject matter jurisdiction under Rule 12(b)(1): 'facial' attacks and 'factual' attacks. *Brown v. Peterson*, 2006 WL 349805, at *4 (N.D. Tex. Feb. 3, 2006), *citing Paterson v. Weinberger,* 644 F.2d 521, 523 (5th Cir.1981); *see also Brooks v. Snow,* 313 F.Supp.2d 654, 658 (S.D.

Tex. 2004). A facial attack, which consists of a Rule 12(b)(1) motion unaccompanied by supporting evidence, challenges jurisdiction based solely on the pleadings. *Weinberger,* 644 F.2d at 523. When ruling on a facial attack, the court must presume that factual allegations in the complaint are true and determine whether they establish subject matter jurisdiction. *Id.* By contrast, a Rule 12(b)(1) motion presents a factual attack when the motion is accompanied by supporting evidence that contradicts the jurisdictional allegations in the complaint. *Id.* In a factual attack, the plaintiff bears the burden of proving by a preponderance of the evidence that the court has subject matter jurisdiction. *Id.*

The U.S. supports its motion to dismiss with the declaration of the claims attorney responsible for processing Plaintiff's FTCA claim and supporting documents. (Rec. Doc. 19-2). Hence, Plaintiff bears the burden of proving the jurisdiction exists. He did not oppose the motion.

## II. Sovereign Immunity and the Federal Tort Claims Act.

The United States, as sovereign, is immune from suit unless it consents to be sued. "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994), *citing Loeffler v. Frank*, 486 U.S. 549, 554 (1988); *Federal Housing Administration v. Burr*, 309 U.S. 242, 244 (1940). The United States can be sued only by its permission, and only by procedures set forth by Congress. *United States v. Dalm*, 494 U.S. 596, 608-10

(1990); *Lehman v. Nakshian*, 453 U.S. 156, 160-61, 101 S.Ct. 2698, 2701-02, 69 L.Ed.2d 548 (1981); *United States v. Testan*, 424 U.S. 392, 399 (1976). Any lawsuit against the United States must be brought in compliance with a specific statute that expressly waives sovereign immunity. *Testan*, 424 U.S. at 399. Such a waiver of sovereign immunity must be strictly construed in favor of the sovereign and may not be extended beyond the explicit language of the statute. *Soriano v. United States*, 352 U.S. 270 (1957); *see United States Department of Energy v. Ohio*, 503 U.S. 607 (1992).

The United States has provided a limited waiver of sovereign immunity from suit with respect to certain torts committed by federal government employees and has set forth the limits and conditions of that waiver in the Federal Tort Claims Act (FTCA). See *F.D.I.C. v. Meyer*, 510 U.S. 471, 476 (1994). 28 U.S.C. §§2671, *et seq*. "However, this waiver must be scrupulously observed, and not expanded, by the courts." *Turner ex rel. Turner*, 514 F.3d 1194, 1200 (11th Cir. 2008), *quoting Suarez v. United States*, 22 F.3d 1064, 1065 (11th Cir. 1994). Under the FTCA, "the United States is liable for damages 'caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of [her] office or employment.'" *Beltran v. United States*, 2016 WL 8857009, at *8 (W.D. Tex. Dec. 9, 2016), *citing Houston v. U.S. Postal Service*, 823 F.2d 896, 898 (5th Cir. 1987). In *Houston*, the Fifth Circuit held that "before the United States is forced to defend

a tort suit arising from a collision between a private vehicle and a government vehicle, the plaintiff—at least one who knows or should know that the driver was a government employee—must meet the FTCA's administrative exhaustion requirements and then timely commence suit against the government as provided by 28 U.S.C. §2401(b)." 823 F.2d at 902.

§2401(b) states:

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

"Though phrased in the disjunctive, this statute requires a claimant to file an administrative claim within two years *and* file suit within six months of its denial." *Houston v. U.S. Postal Serv*., 823 F.2d 896, 902 (5th Cir. 1987).

The FTCA also requires the plaintiff to first present his claim to the appropriate administrative agency before filing suit.

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C.A. § 2675(a).

"The requirement of exhaustion of administrative review is a jurisdictional requisite to the filing of an action under the FTCA." *Gregory v. Mitchell*, 634 F.2d 199, 203–04 (5th Cir. 1981).[1] Thus, if the plaintiff fails to await the required six-month period prior to bringing his action, the district court is required to dismiss the suit against the United States. *Id*.

Plaintiff does not dispute that he did not first present his claim to the applicable federal agency. (Rec. Doc. 27). The United States' evidence shows that Plaintiff did not present his claim until after filing this lawsuit. (Rec. Doc. 19-2). Therefore, dismissal of Plaintiff's claims against the United States is appropriate.

## Conclusion

For the reasons discussed herein, the Court recommends that the United States' Motion to Dismiss for Lack of Jurisdiction (Rec. Doc. 19) be GRANTED and that Plaintiff's claims against the United States be DISMISSED WITHOUT PREJUDICE.

---

[1] The Court acknowledges that, since *Houston* and *Gregory*, the Supreme Court has held that §2401(b) is not a jurisdictional statute such that equitable tolling may apply to the time periods. *United States v. Wong*, 575 U.S. 402, 420, 135 S. Ct. 1625, 1638, 191 L. Ed. 2d 533 (2015). However, as the Fifth Circuit recognized, "*Wong's* holding regarding the FTCA's time limits has no bearing on our analysis of the jurisdictional limitation provided by 28 U.S.C. § 2675(a)'s presentment requirement." *Barber v. United States*, 642 F. App'x 411, 415, fn. 3 (5th Cir. 2016).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. §636(b)(1).

THUS DONE in Chambers, Lafayette, Louisiana on this 23rd day of September, 2022.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE