UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **JOHNNY ALLEMAN** | **CASE NO. 6:22-CV-01608** |
| **VERSUS** | **JUDGE DAVID C. JOSEPH** |
| **STATE OF LOUISIANA ET AL** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

### REPORT AND RECOMMENDATION

Before the Court is the Motion to Dismiss for Lack of Jurisdiction filed by the State of Louisiana, through the Military Department. (Rec. Doc. 28). Plaintiff opposed the Motion (Rec. Doc. 32) and further moved to remand the case (Rec. Doc. 33). The State opposed Plaintiff's Motion to Remand (Rec. Doc. 38), and Plaintiff replied (Rec. Doc. 41). The Motions were referred to the undersigned magistrate judge for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of this Court. Considering the evidence, the law, and the arguments of the parties, and for the reasons explained below, the Court recommends that the State's Motion to Dismiss for lack of jurisdiction be granted in part and that Plaintiff's Motion to Remand be granted.

### Factual Background

Plaintiff filed this suit in state court following an accident in which he alleges that Trevor Farkas was driving a U.S. Army Hummer on Interstate 10 when the right rear tire blew out, causing the accident. (Rec. Doc. 1-2). Plaintiff sued the State of

Louisiana Military Department, Michelin North America Inc. (as the alleged tire manufacturer), Farkas, State Farm (as the insurer of the vehicle in which Plaintiff was a passenger), and Allstate (as Plaintiff's underinsured motorist carrier).

Though not originally named as a defendant, the United States removed the case to this Court with a certification that Farkas was in the course and scope of his employment with the U.S. Department of the Army at the time of the accident. (Rec. Doc. 1; 1-3). In response to the United States' unopposed motion, the Court dismissed Plaintiff's claims against the United States for failure to exhaust administrative procedures under the Federal Tort Claims Act (FTCA) prior to filing suit. (Rec. Doc. 30; 31). Now before the Court is the State's motion to dismiss Plaintiff's claims against it on the grounds that 1) the State is immune from suit in federal court, and 2) that Louisiana revised statute 29:23.1 precludes the State from liability as a joint tortfeasor when the federal government is liable for the acts of a national guardsman under the FTCA. Plaintiff agrees that the Court lacks jurisdiction but contends that remand, rather than dismissal, to state court is the proper procedural mechanism.

## Law and Analysis

I. **Law Applicable to Rule 12(b)(1) and the burden of proof.**

A party may challenge the court's subject matter jurisdiction under F.R.C.P. Rule 12(b)(1). The Fifth Circuit summarized the law applicable to jurisdictional challenges under F.R.C.P. Rule 12(b)(1) as follows:

> When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits. This requirement prevents a court without jurisdiction from prematurely dismissing a case with prejudice. The court's dismissal of a plaintiff's case because the plaintiff lacks subject matter jurisdiction is not a determination of the merits and does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction. In examining a Rule 12(b)(1) motion, the district court is empowered to consider matters of fact which may be in dispute. Ultimately, a motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief.

*Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (internal citations omitted).

The Court must first consider the State's jurisdictional challenge, which rests on its Eleventh Amendment sovereign immunity. The Fifth Circuit recently considered the State's sovereign immunity as follows:

> A foundational premise of the federal system is that States, as sovereigns, are immune from suits for damages, save as they elect to waive that defense. State sovereign immunity bars citizens of a state from suing their own state or another state in federal court, unless [1] the state has waived its sovereign immunity or [2] Congress has expressly abrogated it.

\*\*\*

>  Section 10(A) of Article XII of the Louisiana Constitution … states "Neither the state, a state agency, nor a political subdivision shall be immune from suit and liability in contract or for injury to person or property."
>
>  The Louisiana Supreme Court has stated: "When a constitutional provision is plain and unambiguous, and its application does not lead to absurd consequences, its language must be given effect." The Louisiana Supreme Court "has recognized Section 10(A) as an 'unequivocal, self-executing waiver of sovereign immunity as to suit and liability in contract and tort cases.'" However, such a waiver is not without limits. "While Louisiana may have waived sovereign immunity with respect to some claims, La. Const. art. 1 § 26 makes it clear the State has not waived its sovereignty within the federal system."

*Fletcher v. Louisiana Dep't of Transportation & Dev.,* 19 F.4th 815, 817–18 (5th Cir. 2021).

In addition, Louisiana revised statute 13:5106(A) states: "No suit against the state or a state agency or political subdivision shall be instituted in any court other than a Louisiana state court." Thus, the State's immunity from Plaintiff's tort claims in federal court is established. Indeed, Plaintiff does not meaningfully contend otherwise. Rather, Plaintiff maintains that the Court must remand the case back to state court, where he initially filed suit, rather than dismiss the case as the State urges.

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. §1447(c). "That language is mandatory, not optional." *Powers v. Colgate-Palmolive Co.,* No. 16-31021, 2016 WL 10703735, at \*2 (5th Cir. Dec. 19, 2016).

4

This case is procedurally unusual in that Plaintiff has asserted claims against the United States (as Farkas's employer at the time of the accident), the State through its military department (as alleged custodian of the tire), and Michelin (the alleged tire manufacturer). Plaintiff's claims against the United States, though dismissed without prejudice, could ultimately come back to federal court if unsatisfactorily resolved in the administrative claims process. Plaintiff's claims against the State must be resolved in state court, where Plaintiff initially filed suit. Plaintiff's claims against Michelin could conceivably be considered in either federal court under diversity jurisdiction[1] or state court in conjunction with Plaintiff's claims against the State. Although the Court could sever and remand the claims against the State alone (see e.g. *Newsome-Goudeau v. Louisiana*, No. CV 17-0909, 2018 WL 2187409, at *2 (W.D. La. May 10, 2018)), the Court finds that remand of the now-pending claims against the State and Michelin is the more judicially economical approach, given the United States' current position as a non-party.

Because the Court finds that it lacks subject matter jurisdiction over the State, the Court will not consider the State's motion to dismiss pursuant to F.R.C.P. Rule 12(b)(6).

---

[1] According to Michelin's state court Answer, it is a New York corporation with its principal place of business in South Carolina. (Rec. Doc. 4-1, p. 87).

5

## **Conclusion**

For the reasons discussed herein, the Court recommends that the State of Louisiana's Motion to Dismiss (Rec. Doc. 28) be GRANTED IN PART AND DENIED IN PART. The motion should be granted to the extent the State moves to dismiss for lack of subject matter jurisdiction pursuant to F.R.C.P. Rule 12(b)(1); however, Plaintiff's claims should be remanded to state court, rather than dismissed. The motion should be denied in all other respects.

The Court further recommends that Plaintiff's Motion to Remand (Rec. Doc. 33) be GRANTED.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds

of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. §636(b)(1).

THUS DONE in Chambers, Lafayette, Louisiana on this 9th day of November, 2022.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE